UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN DOUGLAS SHERMAN,
    Plaintiff,

v.                                             Case No. 3:21cv537/MCR/EMT

A. BURLESON, et al.,
    Defendants.
_____/

## ORDER

The Chief Magistrate Judge issued a Report and Recommendation on January 4, 2022, recommending dismissal with prejudice of the claims against Defendant Pulley, Defendant Rice and Defendant Assistant Warden A. Ralph. ECF No. 20. The court furnished Plaintiff a copy of the Report and Recommendation and afforded him an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has reviewed Report and Recommendation and the timely filed objections *de novo,* ECF No. 22, and finds that the Report and Recommendation is due to be adopted in part and rejected in part.

Plaintiff objects to the recommended dismissal with prejudice of Defendants Pulley and Assistant Warden Ralph, arguing his allegations are sufficient to warrant discovery. The facts as stated by the magistrate judge in the Report and

Page 2 of 5

Recommendation are incorporated by reference and will be re-stated here only as necessary to address the objections.

Plaintiff contends that after officers deliberately broke his finger on October 12, 2020, he twice gave a sick call request form related to his finger to Pulley, while he was accompanying LPN Castro on medication rounds on October 13 and October 22, 2020.  He alleges he received no response to his first two requests.  Plaintiff submitted a third sick call request to Pulley and Castro on November 3, and he was seen by a nurse on November 11, 2020, who refused to take x-rays or refer him to medical staff.[1]  Assistant Warden Ralph denied Plaintiff's related grievances and appeals on grounds that Plaintiff's records did not include any sick call requests and that appropriate medical care is the responsibility of the health care staff.  *See* ECF No. 19 at 21 & 24.  An x-ray taken on February 11, 2021, confirmed an acute fracture involving the fourth finger of Plaintiff's right hand.

Plaintiff argues he stated a claim by alleging he delivered the sick call forms to Pulley and that Pulley purposely discarded them, turning a blind eye to his serious medical needs.  Although the Report and Recommendation acknowledged the allegation that Pulley discarded the sick call forms, the magistrate judge did not

---

[1] The record reflects that an inmate who has presented a sick call form three times with the same complaint will be referred to a clinician.  ECF No. 19 at 21.

Case No. 3:21cv537/MCR/EMT

otherwise address the allegation but concluded that it was reasonable for Pulley to rely on LPN Castro to process the sick call forms or to otherwise fully address Plaintiff's medical needs.  Consequently, the magistrate judge determined, the claim against Pulley is not plausible.

On *de novo* review, the Court disagrees insofar as the Report and Recommendation does not accept as true Plaintiff's allegation that Pulley deliberately discarded his sick call forms.  In the Fourth Amended Complaint, Plaintiff alleged that "LPN Castro and Pulley threw away my sick calls for medical treatment on 10-13-20 and 10-22-21 for my fractured hand and toe. Making the sick call process unavailable."  ECF No. 19 at 9 ¶15.  He also alleged, "[a] declaration from [a] cell-mate will confirm that 2 sick calls were submitted on 10-13-20 and 10-22-20."  *Id.*  At this stage, the Court must accept as true the allegation that Pulley purposefully discarded the forms in deliberate disregard of Plaintiff's serious medical need.  Viewed in this light, the claim is sufficiently plausible and dismissal with prejudice is not warranted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff also challenges the dismissal of Assistant Warden Ralph, asserting the Assistant Warden failed to take any measures in response to his grievances to ensure inmates' medical needs were met or to investigate whether an officer was disregarding sick call requests. The Court agrees with the magistrate judge's reasoning and overrules the objection. The Assistant Warden's role was limited to addressing Plaintiff's grievance appeals. There is no allegation that the Assistant Warden discarded Plaintiff's sick call forms or had subjective knowledge of a risk of serious harm needing further investigation. The Assistant Warden approved the grievance responses of the medical director, stating Plaintiff's records included no sick call requests and that Plaintiff was seen by a nurse on November 11, 2020. As the magistrate judge concluded, the Assistant Warden was entitled to rely on the judgment of the medical personnel. Thus, there is no plausible claim that the Assistant Warden turned a blind eye to Plaintiff's serious medical needs.

Accordingly, it is now **ORDERED** as follows:

1. The chief magistrate judge's Report and Recommendation (ECF No. 20) is adopted in part and rejected in part as follows: **REJECTED** as to Defendant Pulley and **ADOPTED** and incorporated by reference in this Order in all other respects.

2. Plaintiff's Eighth Amendment claims against Defendant Assistant Warden Ralph and Defendant Rice are **DISMISSED with prejudice**, pursuant to 28 U.S.C. section 1915(e)(2)(B), for failure to state a claim upon which relief may be granted;

3. Plaintiff's demands for declaratory and injunctive relief are **DISMISSED as moot**;

4. This case is remanded to the assigned magistrate judge for further proceedings on Plaintiff's Eighth Amendment claims against the remaining Defendants (Defendants Pulley, Burleson, Holland, Castro, Bottoms, Pybus, Scott, Hernandez-Perez, and Centurion of Florida, LLC).

**DONE AND ORDERED** this 10th day of May 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:21cv537/MCR/EMT